UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles M. Andrews | ) | CASE NO. 1:13 CV 2811 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| TD Ameritrade, Inc. | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Defendant's Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay Proceedings (Doc. 16). This is a breach of contract action. For the reasons that follow, defendant's motion to dismiss is GRANTED.

**Facts**

Charles M. Andrews, Jr. had a trust account with defendant, TD Ameritrade. Mr. Andrews's account was governed by a Client Agreement, which requires that controversies arising out of and relating to his account at TD Ameritrade be submitted to arbitration (Doc. 16-1 p. 1, 9). Plaintiff, Charles M. Andrews, Sr., filed this action against defendant, TD

1

Ameritrade, Inc., in state court alleging that TD Ameritrade failed to comply with his instructions to liquidate his son's 401(k) account.  According to the verified complaint, plaintiff's son executed a power of attorney on October 15, 2012, affording plaintiff the right to withdraw money from the TD Ameritrade account.  On January 3, 2013, plaintiff sent TD Ameritrade a Trading Authorization Agreement ("TAA"), as well as a copy of the power of attorney.  The TAA which plaintiff signed provides that: "The Client Agreement set forth in the Account Agreement (including arbitration of disputes), and this Client Agreement otherwise established by the Clearing firm, shall apply equally to the Authorized Agent(s)." (Doc. 16-1, p. 13).  On November 26, 2013, plaintiff requested that the account be liquidated and all proceeds sent to plaintiff.  Defendant responded that its regulatory department would review the matter and get back to plaintiff.  On December 12, 2013, defendant informed plaintiff that it could not comply with plaintiff's request because the power of attorney had been revoked.  Plaintiff sought and received a temporary restraining order in state court preventing defendant from allowing anyone other than plaintiff to make changes to his son's account.

Thereafter, defendant removed this matter to this Court on the basis of diversity of citizenship.  Plaintiff moved for a preliminary injunction to continue the temporary restraining order and defendant made a motion to dissolve it.  Having found that plaintiff failed to establish a likelihood of success on the merits, this Court denied plaintiff's motion for a preliminary injunction and dissolved the temporary restraining order.  This matter is now before the Court on defendant's motion to dismiss, which plaintiff opposes.

**Standard of Review**

In the Sixth Circuit, courts apply a four-pronged test to determine whether to grant motions to dismiss or stay proceedings and compel arbitration:

1) Determine whether the parties agreed to arbitrate;

2) Determine the scope of the agreement;

3) If federal statutory claims are involved, assess whether Congress intended those claims to be nonarbitrable;[1] and

4) If only some of the claims are subject to arbitration, determine whether the remaining claims should be stayed.

*Patnik v. Citicorp Bank Trust FSB*, 412 F. Supp. 2d 753, 758 (N.D. Ohio 2005) (citing *Fazio v. Lehman Bros., Inc.,* 340 F.3d 386, 392 (6th Cir. 2003)).  Any doubts regarding arbitrability should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

**Discussion**

Plaintiff argues that defendant has waived any right to arbitration by removing this complaint to federal court.  A party may waive a right to arbitrate under the FAA. *Dantz v. Am. Apple Grp., LLC.*, 123 F. App'x 702, 707 (6th Cir. 2005) (citing *American Locomotive Co. v. Gyro Process Co.,* 185 F.2d 316, 318 (6th Cir. 1950)).  However, removal to federal court does not waive a party's right to arbitration. *Dantz*, 123 F. App'x at 710.  The Court therefore rejects plaintiff's argument that defendant has waived any valid right to arbitrate this case.

---

[1] Plaintiff does not assert any federal statutory claims. Therefore, this prong does not apply here.

The first issue is whether the parties agreed to arbitrate.  Defendant contends that plaintiff agreed to arbitrate when he signed the TAA.  Alternatively, defendant argues that the Client Agreement dictates that this case be submitted to arbitration.  Plaintiff argues that defendant cannot rely on either the Client Agreement or the TAA to support arbitration.  Plaintiff maintains that there is nothing linking the Client Agreement with his son's account because the Client Agreement does not contain an account number.  Plaintiff argues that defendant cannot rely on the TAA as a basis for arbitration in this case because defendant's position is that the TAA was terminated by the revocation of the power of attorney by plaintiff's son.  Consequently, plaintiff argues that defendant cannot ground any obligation to arbitrate on the TAA.

Upon review, the Court concludes that the parties agreed to arbitration.  Plaintiff's argument to the contrary, the affidavit submitted by defendant substantiates that the Client Agreement governs plaintiff's son's account with TD Ameritrade. (Doc. 16-1 p. 1-2, p. 3-12).[2] Plaintiff cannot seek the benefit of his son's contract with defendant and disavow the arbitration provision. *Javitch v. First Union Securities, Inc.*, 315 F.3d 619 (6th Cir. 2003) (noting that a nonsignatory can be bound to an arbitration provision because of an agency relationship with a party to the contract).

Moreover, the TAA, which plaintiff himself signed, indicates that plaintiff agreed to

---

[2] Plaintiff objects to defendant's reliance on an affidavit from a senior manager and a copy of the Client Agreement in support of its motion.  Plaintiff maintains that defendant cannot rely on documents outside the pleadings on this motion to dismiss.  Plaintiff is incorrect.  As defendant notes, its motion is not a Rule 12(b)(6) motion to dismiss but rather a 12(b)(1) factual attack on jurisdiction.  As such, the Court may consider exhibits attached to the motion. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 918 (6th. Cir. 1986).

arbitration:  "The Client Agreement set forth in the Account Agreement (including arbitration of disputes), and this Client Agreement otherwise established by the Clearing firm, shall apply equally to the Authorized Agent." (Doc. 16-1 p. 13).  Defendant's reliance on the TAA is not inconsistent with its contention that the TAA has been terminated.  There is a strong presumption that arbitration provisions survive the termination of a contractual relationship unless "negated expressly or by clear implication" in the contract. *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO*, 430 U.S. 243, 255 (1977).  Here, the arbitration provision in the Client Agreement which the TAA incorporates states that it governs any controversy "arising before or after the date of this Agreement." (Doc. 16-1 p. 9).  This language does not overcome the presumption that the arbitration provision survives the end of the contractual relationship.

Plaintiff also argues that the terms of the arbitration are unconscionable.  Under 9 U.S.C. § 2, written agreements to arbitrate shall be enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract."  To demonstrate that an arbitration clause is unenforceable, the party asserting unconscionability must prove that the clause is both substantively and procedurally unconscionable under Ohio law. *Hayes v. Oakridge Home,* 122 Ohio St.3d 63, 908 N.E.2d 408 (2009).  Plaintiff's sole argument on unconscionablity appears to be that defendant relied on boilerplate language in its contract.  Standing alone, this is an insufficient basis to find the arbitration provision to be unconscionable. *Accord Richard A. Berjian, D. O., Inc. v. Ohio Bell Tel. Co.*, 54 Ohio St. 2d 147, 156, 375 N.E.2d 410, 416 (1978) (noting that not all standardized agreements are in conflict with public policy).  Plaintiff fails to meet his burden to demonstrate the

unconscionability of the contract. Consequently, the Court finds that the parties agreed to arbitration.

The next step is to establish the scope of the arbitration agreement. Plaintiff contends that his claims for breach of contract, breach of fiduciary duty, theft, breach of duty of loyalty, and a claim for injunctive relief all fall outside of the arbitration clause in the Client Agreement. The Court disagrees.

The Sixth Circuit distinguishes between "broad" and "narrow" arbitration clauses. *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005). If the arbitration clause is broad, all claims are reserved for arbitration absent an express provision excluding a particular dispute or the most forceful evidence of an intent to exclude a particular claim. *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004). A claim falls outside of the scope of the arbitration agreement only if it could be maintained without reference to the contract or transaction subject to the agreement. *Fazio*, 340 F.3d at 395. A broad arbitration clause uses language such as "any dispute arising out of an agreement[.]" *Simon*, 398 F.3d at 775.

The arbitration clause at issue here governs "any controversy between [TD Ameritrade] and [Mr. Andrews] (including any of [his] officers, directors, employees or agents) arising out of or relating to this Agreement, our relationship, any services provided by you, or the use of Services, and whether arising before or after the date of this Agreement shall be arbitrated[.]" (Doc. 16-1 p. 9). This qualifies as a broad arbitration clause and covers all of plaintiff's claims against defendant. The Court rejects plaintiff's cursory argument that his claims fall outside the clause. The foundation for plaintiff's claims is that defendant failed to follow his directions to turn over funds in his son's account. These claims all necessarily

6

involve the account and cannot be maintained without reference to the contracts subject to the arbitration clause. *Fazio*, 340 F.3d at 395; *Patnick*, 412 F. Supp at 759-60.  The Court therefore finds that all of plaintiff's claims against defendant are within the arbitration clause's scope.

The final step at issue is to determine whether to stay or to dismiss the case.  The Federal Arbitration Act requires that a court, upon being satisfied that the issues involved in the suit are referable to arbitration, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...." 9 U.S.C. § 3.  However, where "there is 'nothing left for the district court to do but execute judgment,' dismissal [of the case] is appropriate." *Ewers v. Genuine Motor Cars, Inc.,* No. 1:07 CV 2799, 2008 WL 755268, at *7, 2008 LEXIS 21466, at *22 (N.D.Ohio Mar. 19, 2008) (quoting *Arnold v. Arnold,* 920 F.2d 1269 (6th Cir.1990)).  Having determined that all of the claims remaining in this case are subject to the arbitration clause in the Client Agreement, this Court finds that dismissal of plaintiff's claims in deference to arbitration is appropriate.

### **Conclusion**

For all the reasons set forth above, Defendant's Motion to Dismiss or, in the Alternative to Compel Arbitration and Stay Proceedings (Doc. 16) is GRANTED.  The Complaint is hereby DISMISSED in favor of arbitration.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 5/1/14